IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RODNEY D. ZEUNE,

      Petitioner,                       CASE NO. 2:14-cv-1459

v.                                  JUDGE ALGENON L. MARBLEY
                                     Magistrate Judge Kemp
WARDEN, FRANKLIN MEDICAL
CENTER,

      Respondent.

REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this habeas corpus action pursuant to 28 U.S.C.

§2254, challenging a conviction entered in the Franklin County Court of Common Pleas.

He asserts several grounds for relief, stated as follows:

> **Ground one:** My sentence and conviction is void and/or voidable because
> the State withheld exculpatory evidence and thus violated my due process
> rights at trial.  Fifth and fourteenth amendments to the U.S. Const. And Ohio
> Const.
>
> **Ground two:** My conviction is void because I was denied the right to
> effective assistance of counsel at trial under the Sixth and Fourteenth
> Amendments of the United States Constitution.
>
> **Ground three:** My resentencing hearing was and sentence was unlawful
> because I was sentenced outside the statutory guidelines of section 2929.14
> of the Ohio Revised Code for a Felony of the Third Degree.

*Petition*, Doc. 4.

On December 11, 2014, Respondent filed a motion to dismiss.  The basis of the

motion was Petitioner's alleged failure to exhaust ground three of his petition.  Respondent

points out that this issue was raised on direct appeal to the Tenth District Court of Appeals, but that the decision of that court was not further appealed to the Ohio Supreme Court. Under these circumstances, Petitioner still has available to him the remedy of a delayed direct appeal to the Ohio Supreme Court. Consequently, based on the "total exhaustion" rule set forth in *Rose v. Lundy*, 455 U.S. 509 (1982), Respondent asserts that the entire petition should be dismissed.

In response, Petitioner filed a motion to amend or correct his petition to delete his third ground for relief or, alternatively, to stay the case until he exhausts that claim. Doc. 9. In response, Respondent indicates no objection to the amendment of the petition, but does ask the Court not to stay these proceedings. In his motion to dismiss, Respondent argued that Petitioner would not be entitled to a stay because Petitioner has made no showing that his claim is meritorious. Under the leading case on staying cases of this sort, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."

The Court agrees that a stay is not appropriate here, but for somewhat different reasons than those asserted by Respondent. Ground three does not challenge Petitioner's conviction, but only the length of his custodial sentence. However, he has now served his entire sentence. Although claims which, if successful, would result in the elimination of

a conviction are not moot due to the collateral consequences which flow from a felony conviction, *see Sibron v. New York*, 392 U.S. 40 (1968), claims relating to a sentence are moot once the sentence has been served.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Demis v. Sniezek,* 558 F.3d 508, 512 (6th Cir. 2009). Since it appears that Petitioner could not obtain any relief from this Court on ground three, it would serve no purpose to stay the case, thus postponing a decision on his other two grounds for relief, until he exhausts ground three through the state court system.

For these reasons, it is recommended that Petitioner's motion to amend his petition (Doc. 9) be **GRANTED** and that the Petition be deemed amended to delete ground three. Under these circumstances, it is also recommended that the motion to dismiss (Doc. 8) be **DENIED** and that Respondent be directed to file a return of writ, addressing grounds one and two, within twenty-one days of any order adopting this Report and Recommendation.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate

judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge